IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**LEMUEL VELILLA REYES,**<br><br>Defendant. | Crim. No. 14-556 (DRD) |

**OPINION AND ORDER**

### I. Introduction

Lemuel Velilla-Reyes ("Defendant") is charged with harboring and concealing from detection Wilfredo Rodriguez Rodriguez, an individual with an outstanding federal arrest warrant, in order to prevent Wilfredo Rodriguez Rodriguez's discovery and arrest with knowledge of the fact that an arrest warrant was outstanding, all in violation of 18 U.S.C. § 1071. Pending before the Court are Defendant's two motions to dismiss the indictment. *See* Docket Nos. 70 and 71.

Defendant's *First Motion to Dismiss the Indictment* (Docket No. 70) avers that Count 1 of the indictment shall be dismissed for failure to state all the essential elements of the offense as required under Fed. R. Crim. P. 7(c). The elements of a violation under 18 U.S.C. § 1071 are: (1) that a federal warrant had been issued for a fugitive's arrest; (2) that the defendant

1

knew that the warrant had been issued; (3) that the defendant harbored or concealed the fugitive; and (4) that the defendant intended to prevent the fugitive's discovery or arrest. *See United States v. Bowens*, 224 F.3d 302, 309 (4th Cir. 2000)(citing *United States v. Silva*, 745 F.2d 840, 848 (4th Cir. 1984)). The Defendant contends that the United States has insufficient evidence to prove the third element of the offense, i.e., that he harbored or concealed a fugitive. In short, Defendant Velilla-Reyes argues that the actions undertaken by him on July 14, 2011, even if taken as true, do not rise to the level of conduct cognizable under 18 U.S.C. § 1071.[1]

Defendant's *Second Motion to Dismiss the Indictment* (Docket No. 71) avers that Count 1 of the indictment must be dismissed given that the evidence the government expected the Defendant to disclose was information protected under the attorney-client privilege. Moreover, Defendant Velilla-Reyes accentuates that he acted according to his legal and ethical obligations as a criminal defense attorney, making unfeasible any criminal charge against him.

The United States duly opposed Defendant's motions to dismiss (Docket Nos. 84 and 85) arguing that Defendant's motions are nothing more that premature motions for acquittal under Fed.

---

[1] Defendant avers that 18 U.S.C. § 1071 requires that a criminal defendant have undertaken affirmative physical action to help a fugitive evade capture and that such conduct was not present here, as his actions are best described as intellectual or profession in nature.

R. Crim. P. 29. The government stresses that the indictment in the case at bar properly states all the essential elements of the offense charged and fairly apprises the Defendant of the charge against him so at to give him an opportunity to mount a defense. Further, the United States disagrees with Defendant's characterization of the facts that allegedly gave rise to the instant indictment, and asserts that the Fifth Amendment does not give defendants the right to a preliminary trial to determine the adequacy of the evidence. *See* Docket No. 84, at 3 (citing *Costello v. Unites States*, 350 U.S. 359, 363 (1956)). One of Defendant's primary purposes in filing these motions, according to the government, is to gain a tactical advantage by forcing the United States to divulge its factual evidence and further divulge its legal theories well before trial.

On April 30, 2015, Defendant filed its reply memoranda (Docket No. 95) arguing that the situation in the instant case is analogous to that in *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992). In support of his contention, Defendant notes that the facts in the instant case are undisputed, as there are a number of finite actions that were undertaken by him from the moment he arrived at the police station on the night of July 14, 2011 and the moment he left the Bayamon courthouse after the hearing had concluded a few hours later. As such, there are no contested issues of fact that require a jury to adjudicate.

On May 14, 2015, the United States filed its *Sur-Reply* (Docket No. 99) reiterating its previous arguments and stressing that the indictment satisfies all of the elements of a violation under 18 U.S.C. § 1071.

On August 28, 2015, the Court held a *Motion Hearing* (Docket No. 130, Minute Entry for Proceedings).[2]  Therein, the parties discussed the pending motions to dismiss along with Defendant's objection to the consolidation of the instant case with Criminal Case No. 15-410 (FAB).

## *II. Analysis*

Federal Rule of Criminal Procedure 7 states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  (emphasis provided).  When evaluating the sufficiency of an indictment, the Court should consider the

---

[2]  The Court had originally set a motion hearing for June 16, 2015.  *See* Docket No. 113, Minute Entry for Proceedings.  However, at the inception of said hearing, the government informed Defendant that it had filed a new indictment against him.  As a result, the Defendant requested additional time to review the new indictment and respond accordingly.  At the June 16, 2015 hearing, the United States informed that Court that it would seek to consolidate both cases, a request the Court stated it would not oppose.  Subsequently, Defendant Velilla-Reyes filed two motions opposing the consolidation.  *See* Docket Nos. 116 and 126.

After reviewing the parties' arguments, the Court finds that consolidation, pursuant to Fed. R. Crim. P. 13, is appropriate.  Because the events that transpired on July, 14, 2011 give rise to both indictments, the Court finds that all of the offenses and defendants could have been joined in the indictment filed in Criminal Case No. 14-556 (DRD).  Further, the Court emphasizes that trying both cases together promotes judicial economy and efficiency by eliminating the need to hold two trials in which the factual underpinnings are identical.  The Court also notes that Defendant Velilla-Reyes will not be prejudiced in any way by the consolidation.  Accordingly, the United States' *Motion to Sustain Consolidation of Cases* (Docket No. 119) is hereby **GRANTED**.

4

indictment in its entirety. *See 1 Wright, Liepold, Henning & Welling*, Federal Practice and Procedure § 125, (4th ed., April 2015 Supplement) (collecting cases). Further, the Court "should be guided by common sense and by practical rather than by technical considerations." *Id.* (collecting cases).

With these principles at the forefront, a denial is unavoidable. In addition to the essential elements of the offense, the indictment includes specific details and "fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy." *United States v. Eirby*, 262 F.3d 31, 37-38 (1st Cir. 2001). Hence, the Court finds no legal ground for requiring anything more to be included in the indictment at this time. The Court finds that Rule 7 has been duly complied with, which is all that is required.

Defendant leads the Court to accept that the facts are uncontested and that, hence, a jury trial is unwarranted. We disagree. In the instant case, the Court has not been presented with any evidence, meaning that the Court would have to hold a preliminary trial to determine the competency and adequacy of the evidence, which is precisely what Rule 7 seeks to avoid. As the United States stressed, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States v.*

*Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011)(citing *United States v. Moore*, 563 F.3d 583, 586 (7th Cir.2009); *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir.2006); *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir.2004) (per curiam); *United States v. De Laurentis*, 230 F.3d 659, 660 (3d Cir.2000); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996); *United States v. Mann*, 517 F.2d 259, 267 (5th Cir.1975)).[3]  In fact, unless the government makes a full proffer of the evidence they will present at trial, "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."  *Id*. (quoting *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998))(internal quotations omitted).[4]  There is no such proffer in the instant case.

Accordingly, Defendant's motions to dismiss (Docket Nos. 70 and 71) are hereby **DENIED WITHOUT PREJUDICE.**  The Court emphasizes that Defendant set forth compelling colorable arguments in support of a dismissal of the indictment.  However, the Court cannot adequately adjudicate said arguments without first receiving the United States' evidence.  The Court simply cannot obligate the United States to provide all of the evidence

---

[3] The situation in the case at bar is analogous to the one in *Guerrier*, as both the defendant in *Guerrier* and Mr. Velilla-Reyes do not suggest that the indictment is insufficient.  Rather, both defendants "attempt to sink a facially valid indictment with a motion to dismiss that targets the strength of the government's evidence...."  *Guerrier*, 669 F.3d at 3.

[4] This principle dates back to 1956, when the United States Supreme Court held that a technically sufficient indictment "is enough to call for trial of the charge on the merits."  *Costello*, 350 U.S. at 363.

6

it has in its possession, as the totality of the evidence may be outside the contours of Fed. R. Crim. P. 16.  As such, Defendant shall reinstate his arguments in favor of dismissal after the close of the government's case in chief.

### III. Conclusion

For all of the foregoing reasons, Defendant's motions to dismiss (Docket Nos. 70 and 71) are hereby **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of October, 2015.

/s/ DANIEL R. DOMINGUEZ

DANIEL R. DOMINGUEZ
U.S. District Judge